UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BMO HARRIS BANK N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02863-JRS-MKK |
| | ) |
| LOVE TRANSPORT INC., | ) |
| KAMALDEEP SINGH, | ) |
| | ) |
| Defendants. | ) |

**Order Directing Further Proceedings**

**I.   Background**

This is a breach of contract case.  Plaintiff, BMO Harris Bank N.A., filed its Complaint against Love Transport Inc. ("Borrower") and Kamaldeep Singh ("Guarantor") on November 16, 2021.  (ECF No. 1.)  In its Complaint, Plaintiff alleged that it had entered into multiple Loan and Security Agreements (the "Agreements") with Borrower that financed Borrower's purchase of equipment (specifically, tractor-trailers).  (*Id.* at 2.)  Guarantor unconditionally guaranteed the performance of Borrower in all of its present and future liabilities and indebtedness to Plaintiff.  (*Id.* at 3.)  Plaintiff properly perfected its security interests in the collateral equipment it financed.  (*Id.*)  Borrower ultimately defaulted on the agreements, and Guarantor failed to make payments based on his guarantees.  (*Id.* at 4.)  As a result, Plaintiff initiated this action on November 16, 2021.  Subsequently, Guarantor filed for protection under Chapter 7 of the United States Bankruptcy Code, an action which remains pending.  (*See* ECF No. 40 at 6.)

On February 1, 2023, Plaintiff and Borrower filed a Joint Motion for Entry of Consent Judgment. (ECF No. 33.) On March 10, 2023, the Court denied the Joint Motion and directed the parties to file a brief explaining why the issuance of a consent judgment would be lawful. (ECF No. 39.) On April 6, 2023, the parties filed such a brief. (ECF No. 40.) For the following reasons, the Court **accepts** the proposed consent judgment but **directs** the parties to file a new Joint Motion for Entry of Consent Judgment.

## II. Legal Standard

Typically, following negotiation and settlement, parties are free to voluntarily stipulate to the dismissal of a case. Fed. R. Civ. P. 41(a)(1)(A)(ii). A Rule 41 stipulation of dismissal relinquishes the Court's jurisdiction and is effective immediately upon filing of the stipulation. *See Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007). On the other hand, when parties seek a consent judgment/decree, which would require the Court to *retain jurisdiction* to enforce compliance, more is needed. A consent decree is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). A "federal court is more than 'a recorder of contracts' from whom private parties may purchase injunctions." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986). "So when the litigants wish to enter a consent decree, to use the office of the court, the judge does not automatically approve but must ensure that the agreement

is an appropriate commitment of judicial time and complies with legal norms." *In re Mem'l Hosp. of Iowa Cnty., Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988).

A district court considers several factors in determining whether to issue a consent judgment.[1] "The consent decree proposed by the parties must (1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2) com[e] within the general scope of the case made by the pleadings; and (3) further the objectives of the law upon which the complaint was based." *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (internal quotations omitted) (quoting *Loc. No. 93*, 478 U.S. at 525). Additionally, before entering a consent judgment, "the judge must satisfy himself that the decree is [1] consistent with the Constitution and laws, [2] does not undermine the rightful interests of third parties, and [3] is an appropriate commitment of the court's limited resources." *Kasper v. Bd. of Election Comm'rs of Chicago*, 814 F.2d 332, 338 (7th Cir. 1987) (citation omitted). Finally, "a district court must determine whether a proposed decree is lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985) (citation omitted).

**III. Discussion**

    A. <u>Analysis Under *Komyatti*, *Kasper*, and *Hiram*</u>

The parties have sufficiently shown that the proposed consent judgment is appropriate in this case.

---

[1] The law on consent judgments in the Seventh Circuit is sparse. Rather than a singular controlling standard, the Seventh Circuit over time has articulated a number of factors and elements to be considered by a district court before entering a consent judgment. The Court considers all of these "tests" here.

The proposed consent judgment meets all of the elements under *Komyatti*. First, the judgment would resolve a pending dispute between Plaintiff and Borrower that is properly within the Court's subject matter jurisdiction. The Court can exercise its jurisdiction here under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000. (*See* ECF No. 1 at 1–2.) Second, the consent judgment comes within the general scope of the pleadings. Specifically, the judgment would resolve all counts (Counts I through IV) against Borrower, leaving only Count V (Breach of Contract) against Guarantor. Finally, the consent judgment furthers the case and the objectives of the law. As stated, the judgment would resolve all claims against Borrower. Additionally, Plaintiff plans to dismiss the remaining count (Count V) against Guarantor once there is an entry of discharge in Guarantor's bankruptcy proceeding, thus bringing this matter to a close. The objectives of the law on which this case is based would also be accomplished by providing an adequate remedy to Plaintiff for Borrower's admitted breach of contract and improper possession of the collateral equipment.

The proposed consent judgment also meets the elements articulated in *Kasper*. First, the judgment is consistent with the Constitution and all applicable laws. Illinois law is controlling in this case based on the choice-of-law provision in the Agreements. (*See* ECF No. 1-2 at 5.) And the relevant facts show that, despite Plaintiff's complete performance of its contract obligations, Borrower breached its contract with Plaintiff and wrongfully possessed the collateral equipment. (ECF No. 1 at 4–5; ECF No. 14 at 3 (admitting breach); *see Larsen v. Carle Found.*, 898 N.E.2d

728, 731 (Ill. App. Ct. 2008) (discussing breach of contract elements in Illinois); 735 Ill. Comp. Stat. 5/19-104 (describing how to commence an action for replevin of wrongfully possessed property).)  Second, the judgment does not undermine the interests of third parties.  The Court, per the parties' disclosure in their brief, (*see* ECF No. 40 at 9), is unaware of any interests of third parties in this case.  Finally, the consent judgment is an appropriate commitment of the Court's limited resources.  Plaintiff has indicated that if a consent judgment is not entered, it will not stipulate to dismissal and instead proceed with the case to trial.  (*Id.*)  Thus, by substantively ending the case now, the consent judgment would allow for the Court's limited resources to be applied elsewhere.

Finally, the proposed consent judgment is lawful, fair, reasonable, and adequate under *Hiram*.  The consent judgment mirrors the relief sought by Plaintiff against Borrower in its Complaint.  Further, the parties, through their counsel, appear to have agreed to the terms of the judgment, which hold Borrower liable for a fair and reasonable amount in light of its breach of contract.  (ECF No. 33.  *But see infra* Section III.B (discussing whether the parties have sufficiently shown consent).)

Accordingly, the proposed consent judgment complies with the legal standards set forth in *Komyatti*, *Kasper*, and *Hiram*.

### B. Signature Requirement

While the proposed consent judgment adequately complies with the law, the Court must be satisfied that it also accurately reflects the intentions of Plaintiff and Borrower.  Therefore, the Court directs that the proposed consent judgment be *signed*

5

by representatives of Plaintiff and Borrower. *See Duncanson v. Wine & Canvas IP Holdings LLC*, No. 1:16-cv-00788-SEB-DML, 2020 WL 2840010, at *3 (S.D. Ind. May 29, 2020) (noting that "the judgments do not include the signatures of the parties confirming that they do, in fact, consent to this court's continued jurisdiction over this matter," and citing cases).

The current proposed consent judgment is unsigned, (ECF No. 33-1), and the only evidence of mutual consent is the electronic signatures of the parties' counsel on the Joint Motion, (ECF No. 33). The parties are directed to file a new Joint Motion for Entry of Consent Judgment, which will be granted so long as the proposed consent judgment is signed by the required representatives.

### IV. Conclusion

For the reasons discussed above, the parties are **directed** to file **no later than May 17, 2023**, a new Joint Motion for Entry of Consent Judgment with a copy of the proposed consent judgment that contains the signatures of party representatives. Upon doing so, and because the proposed consent judgment satisfies all other requirements in the Seventh Circuit, the Court **will grant** the judgment.

**SO ORDERED**.

Date: 05/05/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to registered counsel of record by CM/ECF